McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE GUADALUPE LOPEZ-ZAMORA,<br>LEONARDO FLORES BELTRAN,<br>JASON LAMAR LEE,<br>JOAQUIN ALBERTO SOTELO VALDEZ,<br>RUDI JEAN CARLOS FLORES,<br>ERIKA GABRIELA ZAMORA ROJO,<br>ALEJANDRO TELLO,<br>JOSE LUIS AGUILAR SAUCEDO,<br><br>Defendants. | CASE NO. 2:21-CR-0007-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: February 11, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for a status conference on February 11, 2021. By this stipulation, the parties request a continuance of the status conference to April 22, 2021, and to exclude time under Local Codes T2 and T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 11, 2021.

2. By this stipulation, defendants now move to continue the status conference until April 22, 2021, and to exclude time between February 11, 2021, and April 22, 2021, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The grand jury returned an indictment in this case on January 28, 2021. Eleven defendants are named in the publicly filed indictment. The names of several additional defendants who have not yet been arrested are redacted from the publicly filed indictment.

    b) The government has represented that the discovery associated with this case to date includes 288 pages of investigative reports and related documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    c) The government is preparing for production thousands of additional pages of discovery as well as approximately 978 recorded phone calls intercepted pursuant to the Title III wiretap in this case.

    d) In addition, the government has sent a draft stipulation for a protective order to defense counsel that would allow the government to produce video and audio recordings and

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

other materials that could identify an undercover agent and/or confidential source(s) in lieu of defense counsel having to review these materials at the U.S. Attorney's Office.

      e)      Counsel for defendants need additional time to review the voluminous discovery in this case, to conduct independent factual investigation, to consider the government's proposed stipulated protective order, to research trial and sentencing issues, to consult with their clients, and to otherwise prepare for trial.

      f)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      g)      The government does not object to the continuance.

      h)      In addition, this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], based on the number of defendants, and the existence of a Title III wiretap resulting in more than 900 recorded conversations.

      i)      In addition, due to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

      j)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      k)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 11, 2021 to April 22, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 8, 2021                         McGREGOR W. SCOTT
                                                United States Attorney


                                                /s/ DAVID W. SPENCER
                                                DAVID W. SPENCER
                                                Assistant United States Attorney


Dated: February 8, 2021                         /s/ Todd D. Leras
                                                Todd D. Leras
                                                Counsel for Defendant
                                                JOSE GUADALUPE LOPEZ-
                                                ZAMORA

Dated: February 8, 2021                         /s/ Christopher R. Cosca
                                                Christopher R. Cosca
                                                Counsel for Defendant
                                                LEONARDO FLORES BELTRAN

Dated: February 8, 2021                         /s/ Olaf W. Hedberg
                                                Olaf W. Hedberg
                                                Counsel for Defendant
                                                JASON LAMAR LEE

Dated: February 8, 2021                         /s/ Michael D. Long
                                                Michael D. Long
                                                Counsel for Defendant
                                                JOAQUIN ALBERTO SOTELO
                                                VALDEZ

Dated: February 8, 2021                         /s/ Tasha P. Chalfant
                                                Tasha P. Chalfant
                                                Counsel for Defendant
                                                RUDI JEAN CARLOS FLORES

Dated:  February 8, 2021                           /s/ Martin Tejeda
                                                   Martin Tejeda
                                                   Counsel for Defendant
                                                   ERIKA GABRIELA ZAMORA ROJO

Dated:  February 8, 2021                           /s/ Michael Jared Favero
                                                   Michael Jared Favero
                                                   Counsel for Defendant
                                                   ALEJANDRO TELLO

Dated:  February 8, 2021                           /s/ Dina L. Santos
                                                   Dina L. Santos
                                                   Counsel for Defendant
                                                   JOSE LUIS AGUILAR SAUCEDO

## [PROPOSED] FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this ____ day of _____, ____.

_____
THE HONORABLE MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE