McGREGOR W. SCOTT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
Feb 24, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# 3rd REDACTED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOSE GUADALUPE LOPEZ-ZAMORA,<br>　　also known as "Roro,"<br>LEONARDO FLORES BELTRAN,<br><br>███████████████████████<br>CHRISTIAN ANTHONY ROMERO,<br>JASON LAMAR LEE,<br>███████████████████████<br>BAUDELIO VIZCARRA, JR.,<br>　　also known as "Lucky" and "Junior,"<br>JOAQUIN ALBERTO SOTELO VALDEZ,<br>　　also known as "Junior,"<br>RUDI JEAN CARLOS FLORES,<br>SANDRO ESCOBEDO,<br>ERIKA GABRIELA ZAMORA ROJO,<br>ALEJANDRO TELLO,<br>███████████████████████<br>MATEO ELIAS GUERRERO-GONZALES,<br>JOSE LUIS AGUILAR SAUCEDO,<br>　　also known as "Chito,"<br>███████████████████████<br><br>　　　　　　　Defendants. | CASE NO. 2:21-CR-0007 MCE<br><br>21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl, Cocaine, and Methamphetamine; 21 U.S.C. § 841(a)(1) – Distribution of Fentanyl (7 counts); 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl (2 counts); 21 U.S.C. § 853(a) – Criminal Forfeiture |

INDICTMENT

COUNT ONE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl, Cocaine, and Methamphetamine]

The Grand Jury charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA,
LEONARDO FLORES BELTRAN,
███████████████
CHRISTIAN ANTHONY ROMERO,
JASON LAMAR LEE,
███████████████
BAUDELIO VIZCARRA, JR.,
JOAQUIN ALBERTO SOTELO VALDEZ,
RUDI JEAN CARLOS FLORES,
SANDRO ESCOBEDO,
ERIKA GABRIELA ZAMORA ROJO,
ALEJANDRO TELLO, and
███████████████

defendants herein, beginning on a date unknown to the Grand Jury, but not later than on or about September 13, 2019, and continuing through on or about January 13, 2021, in Sacramento County, State and Eastern District of California, and elsewhere, did knowingly and intentionally conspire and agree with each other and with persons known and unknown to the Grand Jury to distribute and to possess with intent to distribute: (a) at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance; (b) a mixture and substance containing a detectable amount of cocaine, a Schedule I Controlled Substance; and (c) methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2.

COUNT TWO: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA,
SANDRO ESCOBEDO, and
███████████████

defendants herein, on or about September 13, 2019, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT THREE: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

MATEO GUERRERO-GONZALES, and

defendants herein, on or about February 6, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT FOUR: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE LUIS AGUILAR SAUCEDO, and

defendants herein, on or about March 10, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT FIVE: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE LUIS AGUILAR SAUCEDO,

defendant herein, on or about April 14, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute at least 40 grams of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

///

///

///

COUNT SIX: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE LUIS AGUILAR SAUCEDO,

defendant herein, on or about August 13, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SEVEN: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA, and
CHRISTIAN ANTHONY ROMERO,

defendants herein, on or about September 4, 2020, in Yolo County, State and Eastern District of California, did knowingly and intentionally distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT EIGHT: [21 U.S.C. § 841(a)(1) – Distribution of Fentanyl]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA, and
ALEJANDRO TELLO,

defendants herein, on or about October 29, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

///

///

///

COUNT NINE: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA, and
JASON LAMAR LEE,

defendants herein, on or about November 18, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TEN: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA,
LEONARDO FLORES BELTRAN,
JASON LAMAR LEE,
BAUDELIO VIZCARRA, JR., and
ERIKA GABRIELA ZAMORA ROJO,

defendants herein, on or about November 26, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT ELEVEN: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl]

The Grand Jury further charges: T H A T

JOSE GUADALUPE LOPEZ-ZAMORA,
LEONARDO FLORES BELTRAN,
JASON LAMAR LEE,
JOAQUIN ALBERTO SOTELO VALDEZ,
RUDI JEAN CARLOS FLORES,
ERIKA GABRIELA ZAMORA ROJO, and
ALEJANDRO TELLO,

defendants herein, on or about December 5, 2020, in Sacramento County, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 400 grams of a

mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, popularly known as "fentanyl," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**: [21 U.S.C. § 853(a) - Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Eleven of this Indictment, defendants JOSE GUADALUPE LOPEZ-ZAMORA, LEONARDO FLORES BELTRAN, ▇▇▇▇▇▇ CHRISTIAN ANTHONY ROMERO, JASON LAMAR LEE, ▇▇▇▇▇▇ BAUDELIO VIZCARRA, JR., JOAQUIN ALBERTO SOTELO VALDEZ, RUDI JEAN CARLOS FLORES, SANDRO ESCOBEDO, ERIKA GABRIELA ZAMORA ROJO, ALEJANDRO TELLO, ▇▇▇▇▇▇ MATEO ELIAS GUERRERO-GONZALES, JOSE LUIS AGUILAR SAUCEDO, and ▇▇▇▇▇▇ shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

 a. All right, title, and interest in any and all property involved in violations of Title 21, United States Code, Sections 841(a)(1), or conspiracy to commit such offenses, for which defendants are convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

 b. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendants are convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Eleven of this Indictment, for which defendants are convicted:

 a. cannot be located upon the exercise of due diligence;
 b. has been transferred or sold to, or deposited with, a third party;
 c. has been placed beyond the jurisdiction of the Court;
 d. has been substantially diminished in value; or
 e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.



FOREPERSON

/s/ McGregor W. Scott
McGREGOR W. SCOTT
United States Attorney

INDICTMENT                               7

## United States v. LOPEZ-ZAMORA, et al.
### Penalties for Indictment

**Defendants**
Jose Guadalupe LOPEZ-ZAMORA
Leonardo FLORES BELTRAN

Christian Anthony ROMERO
Jason Lamar LEE

Baudelio VIZCARRA, JR.
Joaquin Alberto SOTELO VALDEZ
Rudi Jean Carlos FLORES
Sandro ESCOBEDO
Erika Gabriela ZAMORA ROJO
Alejandro TELLO

Mateo Elias GUERRERO-GONZALES
Jose Luis AGUILAR SAUCEDO


**COUNT 1:** Defendants LOPEZ-ZAMORA, FLORES BELTRAN, ▮▮▮▮ ROMERO, LEE, ▮▮▮▮ VIZCARRA JR., SOTELO VALDEZ, FLORES, ESCOBEDO, ZAMORA ROJO, TELLO, and ▮▮▮▮

VIOLATION: 21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to Distribute and Possess with Intent to Distribute: (a) at least 400 grams of a mixture and substance containing Fentanyl; (b) cocaine; and (c) methamphetamine

PENALTIES: Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 2:** Defendants LOPEZ-ZAMORA, ESCOBEDO, and ▮▮▮▮

VIOLATION: 21 U.S.C. § 841(a)(1) – Distribution of Fentanyl

PENALTIES: A maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 3:**         Defendants GUERRERO-GONZALES and ▮

VIOLATION:         21 U.S.C. § 841(a)(1) – Distribution of Fentanyl

PENALTIES:         A maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 4:**         Defendants AGUILAR SAUCEDO and ▮

VIOLATION:         21 U.S.C. § 841(a)(1) – Distribution of Fentanyl

PENALTIES:         A maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 5:**         Defendant AGUILAR SAUCEDO

VIOLATION:         21 U.S.C. § 841(a)(1) - Distribution of at least 40 grams of a mixture and substance containing Fentanyl

PENALTIES:         Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 6:**         Defendant AGUILAR SAUCEDO

VIOLATION:         21 U.S.C. § 841(a)(1) - Distribution of Fentanyl

PENALTIES:         A maximum of up to 20 years in prison; or
Fine of up to $1,000,000; or both fine and imprisonment
Supervised release of at least 3 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 7:**      Defendants LOPEZ-ZAMORA and ROMERO

VIOLATION:      21 U.S.C. § 841(a)(1) - Distribution of at least 40 grams of a mixture and substance containing Fentanyl

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 8:**      Defendants LOPEZ-ZAMORA and TELLO

VIOLATION:      21 U.S.C. § 841(a)(1) - Distribution of at least 40 grams of a mixture and substance containing Fentanyl

PENALTIES:      Mandatory minimum of 5 years in prison and a maximum of up to 40 years in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 9:**      Defendants LOPEZ-ZAMORA and LEE

VIOLATION:      21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute at least 50 grams of Methamphetamine (actual)

PENALTIES:      Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **COUNT 10:** | Defendants LOPEZ-ZAMORA, FLORES BELTRAN, ▮▮▮▮▮ LEE, VIZCARRA JR., and ZAMORA ROJO |
| VIOLATION: | 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute at least 400 grams of a mixture and substance containing Fentanyl |
| PENALTIES: | Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or<br>Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **COUNT 11:** | Defendants LOPEZ-ZAMORA, FLORES BELTRAN, ▮▮▮▮▮ LEE, ▮▮▮▮▮ SOTELO VALDEZ, FLORES, ZAMORA ROJO, and TELLO |
| VIOLATION: | 21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute at least 400 grams of a mixture and substance containing Fentanyl |
| PENALTIES: | Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or<br>Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years up to life |

SPECIAL ASSESSMENT: $100 (mandatory on each count)

| | |
|---|---|
| **FORFEITURE ALLEGATION:** | All Defendants |
| VIOLATION: | 21 U.S.C. § 853(a) - Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |