PHILLIP A. TALBERT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE GUADALUPE LOPEZ-ZAMORA, LEONARDO FLORES BELTRAN, CHRISTIAN ANTHONY ROMERO, JOAQUIN ALBERTO SOTELO VALDEZ, ERIKA GABRIELA ZAMORA ROJO, JOSE LUIS AGUILAR SAUCEDO, and ROSARIO ZAMORA ROJO, <br><br> Defendants. | CASE NO. 2:21-CR-0007-DAD <br><br> STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER <br><br> DATE: December 13, 2022 <br> TIME: 9:30 a.m. <br> COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the above-captioned defendants, by and through their respective counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 13, 2022.

2. By this stipulation, defendants now move to continue the status conference until March 28, 2023, and to exclude time between December 13, 2022, and March 28, 2023, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The grand jury returned an indictment in this case on January 28, 2021. Fourteen defendants are named in the publicly filed indictment. The names of two additional defendants who have not yet been arrested are redacted from the publicly filed indictment.

b) On May 11, 2021, the Court signed an order substituting attorney Kresta Daly as counsel of record for defendant Christian Romero. ECF No. 162.

c) On January 4, 2022, defendant Rosario Zamora Rojo made his initial appearance on a criminal complaint. *See* 2:21-MJ-00153-DB, ECF No. 5.

d) On March 3, 2022, the grand jury returned a superseding indictment adding Rosario Zamora Rojo as a defendant and adding a money-laundering conspiracy charge against defendants Jose Lopez-Zamora and Erika Zamora Rojo. ECF No. 276.

e) On December 5, 2022, the Court signed an order substituting attorney Jennifer Mouzis as new counsel of record for defendant Erika Gabriela Zamora Rojo, in place of attorney Martin Tejeda. ECF No. 408.

f) The government has represented that the discovery associated with this case to date includes approximately 8,252 pages of materials, including investigative reports, photographs, search warrant materials, and other documents, as well as voluminous audio and video recordings and approximately 978 recorded phone calls intercepted pursuant to the Title III wiretap in this case. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

g) Counsel for defendants need additional time to review the voluminous discovery in this case, to conduct independent factual investigation, to research trial and sentencing issues, to consult with their clients, and to otherwise prepare for trial. In particular, attorney Jennifer Mouzis, who was substituted as new counsel of record for defendant Erika Gabriela Zamora Rojo on December 5, 2022, needs time to review the voluminous discovery in this case, consult with her client, and otherwise prepare for trial.

h) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

          i)        The government does not object to the continuance.

          j)        In addition, this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], as this Court previously found in its February 10, 2021 Order (ECF No. 103) and subsequent orders.

          k)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

          l)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2022 to March 28, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 6, 2022					PHILLIP A. TALBERT
							United States Attorney


							/s/ DAVID W. SPENCER
							DAVID W. SPENCER
							Assistant United States Attorney


Dated:  December 6, 2022					/s/ Todd D. Leras
							Todd D. Leras
							Counsel for Defendant
							JOSE GUADALUPE LOPEZ-ZAMORA

Dated:  December 6, 2022					/s/ Christopher R. Cosca
							Christopher R. Cosca
							Counsel for Defendant
							LEONARDO FLORES BELTRAN


Dated:  December 6, 2022					/s/ Kresta N. Daly
							Kresta N. Daly
							Counsel for Defendant
							CHRISTIAN ANTHONY ROMERO


Dated:  December 6, 2022					/s/ Michael D. Long
							Michael D. Long
							Counsel for Defendant
							JOAQUIN ALBERTO SOTELO VALDEZ


Dated:  December 6, 2022					/s/ Jennifer Mouzis
							Jennifer Mouzis
							Counsel for Defendant
							ERIKA GABRIELA ZAMORA ROJO


Dated:  December 6, 2022					/s/ Dina L. Santos
							Dina L. Santos
							Counsel for Defendant
							JOSE LUIS AGUILAR SAUCEDO


Dated:  December 6, 2022					/s/ Shari Rusk
							Shari Rusk
							Counsel for Defendant
							ROSARIO ZAMORA ROJO

**FINDINGS AND ORDER**

Pursuant to the stipulation of the parties, the status conference scheduled for December 13, 2022 is vacated and rescheduled for March 28, 2023 at 9:30 a.m. and time is excluded between December 13, 2022, and March 28, 2023, under Local Codes T2 and T4.  By the time of the newly scheduled status conference date the indictment in this case will have been pending 26 months.  The court recognizes that new counsel have substituted in on behalf of some of the defendants in recent months.  Nonetheless, nor further continuances of the status conference date set by this order will be granted absent a compelling showing of good cause.

IT IS SO ORDERED.

Dated:   **December 7, 2022**                                    /s/ Dale A. Drozd
                                                                                UNITED STATES DISTRICT JUDGE